PER CURIAM.
After a nonjury trial, appellant was convicted of procuring a person under the age of sixteen years for prostitution in violation of Section. 796.03, Florida Statutes (1978 Supp.), and he was sentenced to one year in jail. We reverse.
Gladys Sims was the sole witness for the state. She testified that on October 2,1978, when she was fifteen years old, she was at the Hayes Motel with her sister. Her sister went outside the room and returned with appellant. Appellant asked Gladys if she was supposed to be working for him. She replied that she was not. Over objection she was allowed to explain that she knew appellant meant prostitution because he was a pimp.
Gladys went on to testify that appellant then grabbed her by the neck, scratched her, and hit her. She ran out the door and called the police. When she returned appellant was gone.
Gladys stated that she had known appellant prior to the night in question, but she had never talked to him. Appellant had not asked her to work for him before, but he had offered her money and clothes, which she would not take.
The evidence presented was insufficient to prove the essential elements of the offense charged, and the trial court erred in denying appellant’s motion for directed verdict of acquittal made at the conclusion of the state’s ease.
Accordingly, the judgment and sentence are REVERSED and the cause REMANDED with directions to discharge appellant.
GRIMES, C. J., and HOBSON and BOARDMAN, JJ., concur.